The judgment appealed from is therefore affirmed.

---

(68 South. 737)

No. 21359.

HAYNE et al. v. EDENBORN et al.

In re LOUISIANA RY. & NAV. CO. et al.

(May 24, 1915.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ☞458 — INJUNCTION ☞136 — RIGHT TO REMEDY — PERSON IN POSSESSION UNDER JUDGMENT—EXPLOITING OF LAND FOR OIL—SUSPENSIVE APPEAL.

A person or corporation, exhibiting a final judgment of a competent court, rendered contradictorily with certain other persons, decreeing him, or it, to be the owner of certain land, which was the subject of controversy in the suit in which the judgment was rendered, cannot be ousted from the possession of such land, by an ex parte injunction obtained by such other persons, or an injunction issued at their instance in a summary proceeding by rule to show cause, but is entitled to remain in possession as owner until the merits of the title so exhibited can be inquired into in the ordinary course of litigation, and hence is entitled to appeal suspensively from an order for the issuance of an injunction, restraining him, or it, from exploiting the land for oil, and from an order refusing to dissolve such injunction on bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2223, 2224; Dec. Dig. ☞458; Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. ☞136.]

Action by W. P. Hayne and others against William Edenborn and others. Judgment for plaintiffs, and the Louisiana Railway & Navigation Company and others, defendants, apply for writs of mandamus and certiorari. Ordered that writs of mandamus and prohibition issue.

Alexander & Wilkinson and Blanchard, Smith & Palmer, all of Shreveport, for plaintiffs. Wise, Randolph, Rendall & Freyer, of Shreveport, and Foster, Milling, Saal & Milling, of New Orleans, for defendants.

MONROE, C. J. Relator complains that the judge, made respondent, has issued a writ of injunction, at the suit of Mrs. W. L. Hayne and others, restraining it from exercising rights of ownership upon, and in effect ousting it from the possession of, certain real estate of which it claims ownership and possession, and that he has refused to dissolve the writ on bond, to relators' irreparable injury. It appears, from the exhibits annexed to the petition, that several years ago Mrs. Hayne, as widow in community, and other persons, as heirs of W. L. Hayne, deceased, brought suit in the district court for the parish of Red River, alleging that, having been the owners of a certain tract of land, they had conveyed about 2¼ acres of it to the company, relator herein,

which had laid a railroad track thereon, but that in May, 1910, it had taken up the track so laid and, against their will and consent, had laid it across another and different 2¼ acres. Wherefore they prayed that said company be ordered to remove its said track and condemned in damages for the trespass. The company, made defendant, admitted that it had taken possession of the land, but alleged that it had done so by permission of the owners, and that "the land so appropriated was necessary for the purposes of the road, and was worth $12.50 an acre," and that it was the owner of the same, and could not be dispossessed. Judgment was rendered and signed in the case on July 14, 1911, as follows, to wit:

"That plaintiff heirs have and recover judgment against defendant in the sum of $75, value of the land, which is hereby decreed to belong to defendant, with 5 per cent. interest thereon from this date; * * * that the demand of plaintiffs for exemplary and punitive damages and attorney's fees be rejected."

In April, 1915, the same litigants brought another suit, in the district court for the parish of Caddo, in which they allege that they are the owners of a tract of land known as the "Hayne's Place," in Red River parish, and have owned and possessed it for more than 30 years, "except a right of way thereon, or across the same, acquired by the Louisiana Railway & Navigation Company, for railroad purposes;" that in January, 1915, they made a mineral lease of a portion of said tract to L. P. Schendberger, who has caused a well to be drilled thereon, which is producing oil, and is preparing to drill other wells for oil and gas; that the railway company has made a pretended lease to William Edenborn, its president, covering the right of way which has been mentioned, and that Edenborn is drilling an oil well thereon, and will continue so to do unless restrained by injunction; that the railway acquired its rights only by virtue of the power of eminent domain, and for railroad purposes, and that the drilling of an oil well, for personal gain, is not for such a purpose, and will inflict injury upon plaintiffs by draining the oil from their adjacent land; wherefore they prayed for a writ of injunction, which, after a hearing, was issued, restraining the company and Edenborn from further drilling on said right of way. The company then asked that the injunction be dissolved, upon its giving bond in an amount to be fixed by the court, but the court declined to make that order; and it then prayed that it be allowed a suspensive appeal from the order for injunction, or, in the alternative, from the order refusing to dissolve that writ on bond; and, its prayer having been denied, it presented a petition to this court upon which an order was made directing the judge to show cause why he should not grant the appeal from the order last above mentioned. The judge, by way of return, says that he was willing to grant an appeal from that order, but was unwilling, in the meanwhile, to suspend the operation of the injunction; that he had refused to allow the injunction to be bonded, because he considered that a well, drilled on the right of way, would be likely to drain the adjacent lands and that it would be impossible to foresee to what extent the rights of the plaintiffs in injunction would thereby be affected; that, taking the allegations of plaintiffs' petition to be true, the right of way acquired by the defendant entitled it to but an easement for railroad purposes, or, at most, a limited fee, and did not entitle it to drain the land of its oil.

As we have seen, relator exhibits a judgment, obtained contradictorily with the plaintiffs in injunction, decreeing it to be the owner of the land; and, as it was entirely competent for plaintiffs to have acquiesced in that judgment, or to have appealed from it, and they appear to have acquiesced, we are of opinion that, for the purposes of this proceeding, it should be accepted for what

it purports to amount to, to wit, a title to the land; and, that being the case, and the company being in possession, we are further of opinion that it should not be ousted, summarily, or until the value of the title so exhibited is determined in the usual course of litigation.

It is therefore ordered that a writ of mandamus issue, directing the respondent judge to grant a suspensive appeal from his order refusing to dissolve, on relator's giving bond, the injunction issued in the matter of W. P. Hayne et al. v. William Edenborn, No. 19,-639 of the docket of his court, and that a writ of prohibition issue prohibiting and restraining the further enforcement of said injunction during the pendency of said appeal.